Case 4:25-cv-05982   Document 4   Filed 12/12/25 in TXSD   Page 1 of 12

United States Courts
Southern District of Texas
FILED

DEC 12 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Tremaine Manley § | |
| **Plaintiff** § | |
| § | Case No.: 4:25 CV 5982 |
| Vs § | |
| § | |
| **NAVY FEDERAL CREDIT UNION,** § | |
| **Defendant** § | |
| § | |
| § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. NATURE OF THE ACTION

1. This action arises under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and Regulation E, 12 C.F.R. Part 1005.

2. Plaintiff brings this action because Navy Federal Credit Union ("Navy Federal") repeatedly failed to conduct reasonable, good-faith investigations of his reported unauthorized electronic fund transfers.

3. Instead of performing individualized investigations, Navy Federal relied on automated internal systems, arbitrary coding, template denials, and inconsistent treatment of materially identical disputes.

4. Navy Federal also failed to provide documents relied upon in its determinations, failed to issue or maintain provisional credits, and ignored Plaintiff's written demand for correction.

5. Plaintiff seeks actual damages, statutory damages, treble damages under 15 U.S.C. § 1693f(e), economic and enhanced damages under the Texas Deceptive Trade Practices Act ("DTPA"), interest, and costs.

## II. PARTIES

### A. Plaintiff

6. Plaintiff Tremaine Manley is a natural person residing in Harris County, Texas.
7. Plaintiff maintained personal and business deposit accounts with Navy Federal; the business account was titled under a dissolved, inactive LLC that held only Plaintiff's personal funds.

### B. Defendant

8. Defendant Navy Federal Credit Union is a federally chartered credit union headquartered in Vienna, Virginia, providing consumer banking and electronic fund transfer services nationwide, including in Texas.

## III. JURISDICTION AND VENUE

### A. Federal Question Jurisdiction

9. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the EFTA.

### B. Supplemental Jurisdiction

10. Supplemental jurisdiction exists under 28 U.S.C. § 1367 over Plaintiff's state-law claims arising from the same nucleus of operative fact.

## C. Venue

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred in Harris County, Texas.

## IV. FACTS

### A. Plaintiff's Accounts and Unauthorized Transactions

12. Plaintiff maintained personal and business accounts funded entirely with his own money.
13. Between mid-2022 and early-2023, Plaintiff experienced multiple clusters of unauthorized electronic fund transfers and debit-card transactions he did not authorize.
14. These unauthorized charges occurred in distinct clusters (e.g., mid-2022, late-2022, early-2023).
15. Plaintiff did not authorize or benefit from any of the disputed transactions.

### B. Plaintiff's Prompt Dispute Reports

16. Plaintiff promptly reported each unauthorized transaction through telephone, online banking channels, and written dispute forms.
17. Plaintiff submitted the fraud affidavits and certifications required by Navy Federal.
18. Navy Federal acknowledged receipt of his disputes.

### C. Navy Federal's Automated and Deficient "Investigations"

19. Navy Federal issued generic template letters stating only that transactions "were authorized."
20. Navy Federal did not identify any investigative steps taken.
21. Navy Federal did not contact Plaintiff for clarification.
22. Navy Federal did not request additional information.
23. Navy Federal treated similar transactions inconsistently—crediting some while denying others in the same cluster.

### D. Failure to Provide or Maintain Provisional Credits

24. Navy Federal issued provisional credits in certain instances and later reversed those credits without the notice required by 12 C.F.R. § 1005.11(d).
25. In other cases, Navy Federal failed to issue provisional credits at all, contrary to 12 C.F.R. § 1005.11(c)(2).

### E. Failure to Obtain Merchant and Network Documentation

26. Navy Federal failed to obtain merchant documentation for any disputed transaction.
27. Navy Federal did not retrieve receipts, signature files, terminal logs, issuer-processor data, device identifiers, or Visa/Mastercard retrieval documentation.
28. This failure is evidence of an unreasonable investigation under 15 U.S.C. § 1693f(a) and Regulation E.

## F. Navy Federal's Systemic and Repeated Violations

29. The same failures occurred repeatedly across multiple disputes and over many months.
30. Navy Federal relied heavily on automated denial codes instead of individualized analysis.
31. Navy Federal's refusal to reconsider disputes even after Plaintiff's written demand demonstrates reckless disregard of statutory duties.
32. These repeated failures constitute willful violations under 15 U.S.C. § 1693m(a) and justify treble damages under § 1693f(e).

## G. Navy Federal's Failure to Provide Required Documentation

33. Plaintiff requested copies of all documents Navy Federal relied upon.
34. Navy Federal produced none of these materials.
35. Failure to provide documents relied upon violates 15 U.S.C. § 1693f(d) and 12 C.F.R. § 1005.11(d).

## H. Pre-Suit Notice Under the DTPA

36. On March 27, 2025, Plaintiff sent a written notice and demand for correction to Navy Federal's headquarters via FedEx.
37. The notice described the wrongful conduct, requested documents, and demanded correction.
38. Navy Federal received the notice, as confirmed by signature.
39. Navy Federal did not respond or cure its violations.

## V. LEGAL FRAMEWORK

40. The EFTA and Regulation E impose four core duties on financial institutions:

    1. conduct a reasonable, good-faith investigation;

    2. issue provisional credit within statutory timeframes;

    3. provide a written explanation of findings;

    4. provide copies of documents relied upon.

41. Navy Federal failed all four duties.

42. Under 15 U.S.C. § 1693g(b), Navy Federal—not Plaintiff—bears the burden of proving a disputed transfer was authorized.

43. Internal system codes, PIN usage, or automated logs do not constitute proof of authorization.

44. The Fifth Circuit in *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546 (5th Cir. 2008), holds that EFTA protections must be interpreted broadly.

## VI. STATUTE OF LIMITATIONS DEFENSE

### A. Accrual Occurs at the Time of Each Statutory Violation

45. Plaintiff anticipates that Defendant may argue that the one-year statute of limitations under 15 U.S.C. § 1693m(g) bars some or all of his claims. This argument misstates the law. The EFTA limitations period begins to run **not** from the date of the unauthorized transaction, but from the date the **statutory violation** occurs.

46. A statutory violation occurs when the financial institution fails to comply with its duties under 15 U.S.C. § 1693f and Regulation E—including failing to conduct a reasonable investigation, failing to issue or maintain provisional

credit, failing to provide required documents, or issuing an inadequate written explanation. Each failure constitutes a **separate and independently actionable** violation.

### B. Each Failure to Investigate Is a New Violation

47. Navy Federal's repeated failures to conduct a reasonable investigation, its issuance of conclusory denial letters, its improper reversals of provisional credits, and its refusal to obtain merchant or network documentation occurred **after** the underlying transactions and within the limitations period.
48. Because each of these failures is a distinct statutory violation, accrual runs from the date of each wrongful act. Plaintiff's EFTA claims are therefore timely.

### C. Failure to Provide Documents Is a 2025 Violation

49. Navy Federal's failure to provide Plaintiff with the "documents relied upon" in denying his disputes constitutes a violation of 15 U.S.C. § 1693f(d) and occurred again in 2025 when Plaintiff requested such documents in his March 27, 2025 demand letter.
50. Because these document-related violations occurred in 2025, Plaintiff's filing within one year of those violations is timely.

## D. Refusal to Respond to Plaintiff's 2025 Demand Letter Restarted the Limitations Clock

51. On March 27, 2025, Plaintiff served a written notice demanding that Navy Federal correct its errors, reopen investigations, and produce required documents. Navy Federal's refusal to act constitutes additional statutory violations under the EFTA.
52. Defendant's failure to respond, failure to investigate, and failure to provide documents in 2025 restarted the statute of limitations clock.

## E. Continuing Violation Doctrine Preserves All Claims

53. Because Navy Federal has never complied with its statutory obligations—never produced documents, never conducted a reasonable investigation, and never corrected its defective determinations—the violations remain ongoing, postponing accrual until the statutory duties are fulfilled or repudiated.
54. Navy Federal's conduct constitutes a continuing violation that extends into the limitations period.

## F. Federal Case Law Confirms Separate-Accrual for Each EFTA Violation

56-A. Federal courts consistently hold that the statute of limitations under 15 U.S.C. § 1693m(g) begins when the financial institution fails to perform a required procedural obligation under § 1693f, not when the underlying transaction posts.

56-B. In *Widjaja v. JPMorgan Chase Bank, N.A.*, 2015 WL 12660301, the court held that *each failure* to comply with § 1693f constitutes a new and independently accruing violation.

56-C. In *Campbell v. Hope Community Credit Union*, 2020 WL 1322268, the court recognized that improper reversal of provisional credit constitutes its own actionable violation, separate from the underlying unauthorized charge.

56-D. In *Johnson v. USAA Federal Savings Bank*, 2020 WL 635571 (W.D. Tex.), the court confirmed that failure to produce documents relied upon in denying a claim constitutes an independent EFTA violation. Navy Federal committed such violations again in 2025.

56-E. Courts repeatedly hold that accrual begins at the time of the bank's statutory noncompliance. See *Walker v. Bank of America*, 2013 WL 5770846; *Fischer v. VyStar Credit Union*, 2021 WL 3708047.

56-F. Courts also recognize that refusal to reconsider a dispute after receiving new information constitutes a new violation. See *Lopez v. Bank of America*, 2014 WL 12700921. Navy Federal's refusal to respond to Plaintiff's 2025 written demand constitutes this exact violation.

56-G. Even where courts disagree on the continuing violation doctrine, they consistently accept separate-accrual for each statutory failure. Plaintiff's claims are timely under every accepted framework.

## VII. CLAIMS

### A. Claim One — Violation of the Electronic Fund Transfer Act

56. Plaintiff incorporates all prior paragraphs.
57. Navy Federal failed to conduct reasonable investigations, failed to issue or maintain provisional credits, failed to provide required documentation, and improperly shifted the burden of proof.

58. These failures violate 15 U.S.C. §§ 1693f–1693g and 12 C.F.R. § 1005.11.
59. Plaintiff seeks actual damages, statutory damages, and treble damages under 15 U.S.C. § 1693f(e).

### B. Claim Two — Breach of Contract

60. Navy Federal's account agreements incorporate federal law and require safeguarding Plaintiff's funds and complying with Regulation E.
61. Navy Federal breached these duties, causing Plaintiff financial harm.

### C. Claim Three — Texas Deceptive Trade Practices Act

62. Plaintiff is a consumer under the DTPA.
63. Navy Federal misrepresented its dispute-handling obligations and ignored Plaintiff's demand letter.
64. Navy Federal's actions were false, misleading, unconscionable, and knowing.
65. Plaintiff seeks economic and enhanced damages.

## VIII. ANTICIPATED DEFENSE: ARBITRATION

### A. No Valid Assent

66. Plaintiff did not knowingly or voluntarily assent to arbitration, as required by *Carey v. 24 Hour Fitness*, 669 F.3d 202 (5th Cir. 2012).

## B. Unconscionability

67. Any arbitration clause is unconscionable because it was buried in dense materials, presented on a take-it-or-leave-it basis, and lacked meaningful disclosure. See *Vine v. PLS Fin. Servs.*, 689 F. App'x 800 (5th Cir. 2017).

## C. Scope Limitations

68. Post-formation statutory violations cannot be forced into arbitration absent clear, unmistakable intent.

## D. Waiver

69. Navy Federal waived arbitration by acting inconsistently with any intent to arbitrate and by substantially invoking dispute-resolution processes. See *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022).

## E. Effective Vindication Doctrine

70. Arbitration cannot be compelled where it would undermine Congress's statutory enforcement scheme, including treble damages and mandatory document-disclosure rights.

## F. Dissolved LLC Account

71. Plaintiff, not the dissolved LLC, is the real party in interest and cannot be bound by any alleged entity-based arbitration clause.

## IX. CONDITIONS PRECEDENT

72. All conditions precedent to Plaintiff's DTPA claims have been satisfied, performed, excused, or have occurred.

## X. DAMAGES

73. Plaintiff seeks actual damages, statutory damages, treble damages under 15 U.S.C. § 1693f(e), economic and enhanced DTPA damages, interest, and costs.

## XI. JURY DEMAND

74. Plaintiff demands trial by jury.

## XII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against Navy Federal Credit Union for actual damages, statutory damages, treble damages, DTPA damages, interest, costs of court, and any further relief to which he is entitled.

Respectfully submitted,

**Tremaine Manley**

3019 Poe Rd

Houston, TX 77051

832-348-0649

proselegalteamlawsuit@gmail.com

Plaintiff, Pro Se