# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TREMAINE MANLEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-CV-05982** |
| | § | |
| **NAVY FEDERAL CREDIT UNION,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT NAVY FEDERAL CREDIT UNION'S
### MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT

**TABLE OF CONTENTS**

**Page**

I.　INTRODUCTION & SUMMARY OF THE ARGUMENT .................................................. 1

II.　FACTUAL BACKGROUND & PROCEDURAL HISTORY ............................................ 2

　　A.　Nature and Stage of the Case .................................................................. 2

　　B.　Plaintiff's Allegations ............................................................................. 2

　　C.　Plaintiff's Claims .................................................................................... 3

III.　ISSUES TO BE RULED ON ........................................................................................ 3

IV.　LEGAL STANDARD ................................................................................................... 3

V.　LEGAL ARGUMENT ................................................................................................... 4

　　A.　Plaintiff's Claim under the EFTA is Barred by the Statute of Limitations ............ 4

　　B.　Plaintiff's Claims Fail to State a Claim for Relief .................................................. 6

　　　　1.　Plaintiff Fails to Adequately Plead a Claim for Breach of Contract ........... 7

　　　　2.　Plaintiff's Claims Concerning His Business Account Fail ........................ 9

VI.　CONCLUSION ............................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*,
    362 F. Supp. 2d 744 (N.D. Tex. 2005) ..................................................................7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................4

*Baker v. Great N. Energy, Inc.*,
    64 F. Supp. 3d 965 (N.D. Tex. 2014) ......................................................................8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Bryant v. Wells Fargo Bank, N.A.*,
    2018 U.S. Dist. LEXIS 152962 (N.D. Tex. 2018).....................................................7

*Canine v. Wells Fargo Bank, N.A.*,
    2018 U.S. Dist. LEXIS 109395 (S.D. Tex. June 8, 2018) .........................................7

*Clyce v. Farley*,
    836 F. App'x 262 (5th Cir. 2020).............................................................................3

*Colonial Penn Ins. Co. v. Market Planners Ins. Agency*,
    157 F.3d 1032 (5th Cir. 1998) ..................................................................................5

*Dodson v. Hillcrest Secs. Corp.*,
    95 F.3d 52 (5th Cir. 1996) ........................................................................................5

*Encompass Office Solutions, Inc. v. Ingenix, Inc.*,
    775 F. Supp. 2d 938 (E.D. Tex. 2011)......................................................................7

*Fischer v. VyStar Credit Union*,
    2021 WL 3708047 ....................................................................................................9

*Frame v. City of Arlington*,
    657 F.3d 215 (5th Cir. 2011) ...................................................................................4

*Glover v. Raytheon Co.*,
    No. 3:13-CV-2738-L, 2013 WL 5744361 (N.D. Tex. Oct. 23, 2013)...................5, 6

*Grainmarket, LLC v. PNC Bank, N.A.*,
    No. 3:22-CV-2419, 2023 WL 4162278 (N.D. Tex. June 23, 2023).........................9

*Green v. Windsor Park Asset Holding Tr.*,
    858 F. App'x 756 (5th Cir. 2021) ............................................................................8

*Guajardo v. JP Morgan Chase Bank, N.A.*,
    605 F. App'x 240 (5th Cir. 2015) ............................................................................8

*Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*,
    995 F. Supp. 2d 587 (N.D. Tex. 2014) ..................................................................7, 8

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) ..................................................................................4

*Ladjevardian v. TD Ameritrade, Inc.*,
    2013 WL 6709051 (S.D. Tex. Dec. 18, 2013)..........................................................8

*Limon v. Berryco Barge Lines, L.L.C.*,
    779 F. Supp. 2d 577 (S.D. Tex. 2011) ....................................................................3

*McAllen Hosps., L.P. v. Lopez*,
    576 S.W.3d 389 (Tex. 2019).....................................................................................7

*Oolut v. JP Morgan Chase Bank N.A.*,
    2024 WL 5274648 (S.D. Tex. Mar. 22, 2024)..........................................................6

*Reliable Consultants Inc. v. Earle*,
    517 F.3d 738 (5th Cir. 2008) ..................................................................................3

*Taylor v. Books A Million Inc.*,
    296 F.3d 376 (5th Cir. 2002) ..................................................................................4

*Vee Bar, Ltd. v. N. Nat. Gas Co.*,
    No. 4:16-CV-015-DAE, 2016 WL 4006131 (W.D. Tex. July 25, 2016) ............................4, 5

*Watson v. Citimortgage, Inc.*,
    814 F. Supp. 2d 726 (E.D. Tex. 2011).....................................................................7

*Whiddon v. Chase Home Fin., LLC*,
    666 F. Supp. 2d 681 (E.D. Tex. 2009).................................................................4, 5

*Whittington v. Mobiloil Fed. Credit Union*,
    No. 1:16-CV-482, 2017 WL 6988193 (E.D. Tex. Sept. 14, 2017)...........................6

**Statutes**

15 U.S.C. § 1693m(g).............................................................................................5, 6

Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq......................................... *passim*

Tex. Bus. & Com. Code § 4A.203...............................................................................8

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Navy Federal Credit Union ("Navy Federal") moves to dismiss the Amended Complaint filed by Plaintiff Tremaine Manley ("Plaintiff") on April 8, 2026 in response to Navy Federal's original motion to dismiss. Dkt. 12. Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted, and Navy Federal respectfully shows the Court as follows:

## I.     INTRODUCTION & SUMMARY OF THE ARGUMENT

Plaintiff's claims arise from his allegations that Navy Federal failed to properly investigate reported unauthorized electronic fund transfers on his personal and business deposit accounts between mid-2022 and early 2023. Plaintiff asserts two causes of action: (1) violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* and (2) breach of contract. Plaintiff's lawsuit should be dismissed for several independent reasons.

***First,*** Plaintiff's claim under the EFTA is time-barred. The EFTA carries a statute of limitations period of one year, and, based on the facts pleaded in the Complaint, expired at the very latest in "early" 2024. Plaintiff did not file this action until December 2025, well beyond the statutory limitations period.

***Second***, Plaintiff's Complaint fails to allege a plausible cause of action for breach of contract. This claim fails because Plaintiff does not identify any specific contractual provision that Navy Federal allegedly breached. Plaintiff alleges only in conclusory fashion that Navy Federal undertook unspecified "obligations relating to handling of account transactions, unauthorized transaction claims, dispute procedures, account security, and related account services" in the various account agreements governing his accounts without identifying any particular term or obligation that was violated.

1

For each of these reasons, the Court should dismiss the Amended Complaint with prejudice.

## II.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

### A.     Nature and Stage of the Case

Plaintiff filed his lawsuit pro se on December 12, 2025. Dkt. 4. Plaintiff asserted three causes of action: (1) violation of the EFTA; (2) breach of contract; and (3) violation of the Texas DTPA. Navy Federal was served on March 16, 2026. On April 6, 2026, Navy Federal filed a Motion to Dismiss Plaintiff's Original Complaint. Dkt. 10. Two days later, on April 8, 2026, Plaintiff filed his Amended Complaint. Dkt. 12. Navy Federal now files this Motion to Dismiss in response.

### B.     Plaintiff's Allegations

Plaintiff alleges he maintained personal and business deposit accounts with Navy Federal. Dkt. 12 ¶ 8. Plaintiff alleges he reported unauthorized transactions on both accounts. *Id.* ¶ 9. While there are significantly less references to the time period at issue in Plaintiff's Amended Complaint, Plaintiff's Amended Complaint still alleges that between mid-2022 and early 2023, Plaintiff experienced "multiple clusters of electronic fund transfers, debit-card transactions, or related account activity that he did not authorize." *Id.* ¶ 21. Plaintiff alleges he promptly reported each unauthorized transaction through telephone, online banking channels, and written dispute forms, and that he submitted the fraud affidavits and certifications required by Navy Federal. *Id.* ¶¶ 23-24. Plaintiff further alleges Navy Federal acknowledged receipt of his disputes. *Id.* ¶ 25.

Plaintiff alleges that Navy Federal issued generic template letters stating only that the transactions were authorized, did not identify any investigative steps taken, did not contact Plaintiff

for clarification, and treated similar transactions inconsistently by crediting some while denying others in the same cluster. *Id.* ¶¶ 27-33.

Plaintiff also alleges Navy Federal issued some provisional credits that were later improperly reversed, or didn't issue provisional credits at all. *Id.* ¶¶ 34-35. Plaintiff also alleges he requested copies of all documents Navy Federal relied on when investigating his disputes, but that the documents were not provided to him. *Id.* ¶¶38-41.

Plaintiff further alleges he sent a written notice and demand for correction to Navy Federal's headquarters on March 27, 2025, but Navy Federal did not respond. *Id.* ¶¶ 42-47.

## C.      Plaintiff's Claims

Plaintiff asserts two claims against Navy Federal: (1) Violation of the EFTA, 15 U.S.C. §§ 1693 *et seq.* and Regulation E and (2) Breach of Contract. Dkt. 12 § V. Plaintiff seeks actual damages, statutory damages,[1] "other damages allowed by applicable law," interest, and costs, and demands a jury trial. *Id.*; *see also* Dkt. 12 § VII.

## III.      ISSUES TO BE RULED ON

1.  Is Plaintiff's claim for violations of the EFTA barred by the statute of limitations?

2.  Does Plaintiff state a claim for breach of contract?

## IV.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss, the trial court

---

[1] Plaintiff's claims for statutory damages under the EFTA were already released in the class action settlement in *Jeffrey Stephenson, et al. v. Navy Federal Credit Union,* and thus are barred by *res judicata*. While a res judicata defense must generally be pled as an affirmative defense, the Fifth Circuit has recognized two exceptions where it: (1) "appears on the face of the pleadings;" or (2) "when the trial court treats a Rule 12(b)(6) motion based on res judicata as a motion for summary judgment." *Limon v. Berryco Barge Lines, L.L.C.*, 779 F. Supp. 2d 577, 581–82 (S.D. Tex. 2011); *see Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020) ("dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent on the face of the pleadings."). Here, the affirmative defense appears on the face of the pleadings. *See generally*, Compl.

accepts as true all well-pleaded facts and views them in the light most favorable to the claimant. *Reliable Consultants Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678.

## V.    LEGAL ARGUMENT

### A.    Plaintiff's Claim under the EFTA is Barred by the Statute of Limitations

A statute of limitations defense may support dismissal "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("To be sure, a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

As a rule, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Vee Bar, Ltd. v. N. Nat. Gas Co.*, No. 4:16-CV-015-DAE, 2016 WL 4006131, at *4 (W.D. Tex. July 25, 2016) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *see also Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 688 (E.D. Tex. 2009) ("limitations usually commence at the time of the tortious behavior-when the wrongful act occurs resulting in damage

4

to the plaintiff.") (citing *Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 661, 688 (S.D. Tex. 2007)). Stated another way, "Texas limitations periods run from the date the plaintiff (1) discovers or, in the exercise of reasonable care and diligence, should have discovered the injury, or (2) was on notice of such facts as would cause a reasonably prudent person to make an inquiry that would lead to the discovery of the cause of action." *Dodson v. Hillcrest Secs. Corp.*, 95 F.3d 52 (5th Cir. 1996)[2] (quoting *Hoover v. Gregory*, 835 S.W.2d 668, 671 (5th Cir. 1992)).

There is a "very limited" exception to the statute of limitations found in the discovery rule. *Vee Bar,* 2016 WL 4006131, at *4 (citing *Comput. Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). "[F]or the discovery rule to apply, ***the nature of the injury must be inherently undiscoverable*** and the injury itself must be objectively verifiable." *Glover v. Raytheon Co.,* No. 3:13-CV-2738-L, 2013 WL 5744361, at *4 (N.D. Tex. Oct. 23, 2013) (internal citation omitted) (emphasis added). "Inherently undiscoverable" requires the exercise of due diligence and will delay the statute of limitations only until the plaintiff knows or should know the facts that could support a cause of action. *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 688 (E.D. Tex. 2009). "***Once [a claimant learns] that she [has] been injured, the burden [is] on her to determine whether she should file suit.***" *Colonial Penn Ins. Co. v. Market Planners Ins. Agency*, 157 F.3d 1032, 1034 (5th Cir. 1998) (emphasis added).

The face of the Amended Complaint establishes that Plaintiff's claim under the EFTA must be dismissed because it is time-barred as Plaintiff knew of his alleged injuries in 2022 and "early" 2023. Dkt. 12 § IV. The EFTA provides a one-year statute of limitations: "no action may be brought by a consumer more than one year after the date of the occurrence of the violation." 15 U.S.C. § 1693m(g). The statute is clear that it runs from "the date of the occurrence of the

---

[2] Superseded by Rule on other grounds as stated in *Wilson v. Navika Capital Group*, LLC, 663 Fed. Appx 341 (5th Cir. 2016).

violation," 15 U.S.C. § 1693m(g), not from the date a plaintiff demands that the defendant retroactively correct its prior conduct. A contrary rule would effectively eliminate the statute of limitations by allowing plaintiffs to restart it at will.

Plaintiff alleges that the unauthorized transactions occurred "between mid-2022 and early-2023." Dkt. 12 ¶ 21. Plaintiff did not file this lawsuit until December 11, 2025. Dkt. 4. Plaintiff does not allege any new dispute, transaction, or investigation that occurred within one year of his December 2025 filing. *See id.* § IV. Even assuming the latest possible accrual date for any EFTA transaction-related investigation failure in early 2023, the EFTA one-year limitations period expired no later than early 2024. *See e.g., Oolut v. JP Morgan Chase Bank N.A.*, 2024 WL 5274648, *2 (S.D. Tex. Mar. 22, 2024) (dismissing Plaintiff's EFTA claim brought over one year after the allegedly unauthorized transactions occurred and explaining that under the EFTA, "the statute of limitations begins to run when the allegedly erroneous transfers are made, because that is when the plaintiff has a complete and present cause of action"). Therefore, Plaintiff's EFTA claim expired in early 2024. *See* 15 U.S.C. § 1693m(g); *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2017 WL 6988193, at *12 (E.D. Tex. Sept. 14, 2017) (dismissing plaintiff's claim under the EFTA because it was time barred and the continuing violation doctrine does not apply); *Glover,* 2013 WL 5744361, at *4-6 (granting Rule 12(b)(6) motion to dismiss on statute of limitations grounds where untimeliness is evident on the face of the pleading). In short, because Plaintiff did not file this suit until December 2025, his claim under the EFTA is time barred and must be dismissed.

## B.    Plaintiff's Claims Fail to State a Claim for Relief

As further grounds for dismissal, Plaintiff fails to state claims for relief.

**1.    Plaintiff Fails to Adequately Plead a Claim for Breach of Contract.**

Plaintiff's breach of contract claim is inadequately pled and fails. To succeed on a breach of contract claim, Plaintiff must show (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *See McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 392 (Tex. 2019).

To properly plead a breach of contract, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014); *Canine v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 109395, *7 (S.D. Tex. June 8, 2018) (report and recommendation adopted) ("it is not enough to generally allege the existence of a contract and generally allege that a contract has been breached…a plaintiff must allege which provision of an identified contract has been breached."); *see also, e.g., Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 953–54 (E.D. Tex. 2011); *American Realty Trust, Inc. v. Travelers Casualty & Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005). If the court is unable to identify one or more specific contractual provisions at issue, then the "[p]laintiffs fail[] to allege enough facts about the terms of [a contract] to raise their right to relief above the speculative level." *Innova Hospital*, 995 F. Supp. 2d at 603 (citing *Twombly*, 550 U.S. at 555); *Canine*, 2018 U.S. Dist. LEXIS 109395 at *7; *Bryant v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 152962 at *9 (N.D. Tex. 2018) (dismissal of breach of contract claim where plaintiff "failed to identify any contract or agreement between Plaintiff and Wells Fargo.").

Here, Plaintiff's Amended Complaint fails to identify any specific contract provision between Navy Federal and Plaintiff that Navy Federal allegedly breached. *See generally*, Am. Compl. Instead, Plaintiff makes vague references to Navy Federal's account agreements that purportedly obligate Navy Federal to handle account transactions, unauthorized transaction claims and resolve dispute provisions in unspecified ways. Dkt. 12 ¶¶ 62-63. Plaintiff fails to cite to any specific provision of any contractual agreement to support a cause of action for breach of contract against Navy Federal. Broad and general claims of breach of contract, without citing specific contractual provisions, are legally conclusory and are, without more, insufficient to reasonably put Navy Federal on notice of the claim brought against it. *See, e.g., Innova Hospital*, 995 F. Supp. 2d at 603; *American Realty*, 362 F. Supp. 2d at 753; *Green v. Windsor Park Asset Holding Tr.*, 858 F. App'x 756, 757-58 (5th Cir. 2021); *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015). Here, Plaintiff's vague and conclusory allegations about unidentified contract provisions, with no detail about Navy Federal's alleged breach of the same, are insufficient to overcome dismissal. *Ladjevardian v. TD Ameritrade, Inc.*, 2013 WL 6709051, at *2 (S.D. Tex. Dec. 18, 2013) (dismissing with prejudice breach of contract claim for plaintiff's failure to cite any contractual provision allegedly breached or specify how defendant breached the contract); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) ("…as a general rule, a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant."). Furthermore, banks are not insurers against fraud. *See* Tex. Bus. & Com. Code § 4A.203, Official Comment 4.

Because Plaintiff has failed to identify a contract or contract provisions at issue, or a specific factual breach of those purported contract provisions, Plaintiff's claim for breach of contract fails as a matter of law and must be dismissed.

### 2.  Plaintiff's Claims Concerning His Business Account Fail

Plaintiff alleges he maintained a business account at Navy Federal and attempts to bring claims related to both his personal and business accounts. Dkt. 12 ¶¶ 8-9, 11, 16-20, 22, 60. To the extent any of Plaintiff's claims arise from transactions on this business account, they fail for the additional reason that the EFTA applies only to accounts "established primarily for personal, family, or household purposes." 15 U.S.C. § 1693a(2); 12 C.F.R. § 1005.2(b)(1). A business account is not a consumer account entitled to EFTA protection. *See* 15 U.S.C. § 1693a(6) (defining "consumer" as "a natural person"); *Grainmarket, LLC v. PNC Bank, N.A.*, No. 3:22-CV-2419, 2023 WL 4162278, at *2 (N.D. Tex. June 23, 2023) (dismissing EFTA claim when account at issue was established for business purposes); *Fischer & Mandell LLP*, No. 09-cv-1160, 2009 WL 1767621 at *3 (S.D.N.Y. June 22, 2009) (noting that EFTA does not apply to accounts used primarily for commercial purposes). Accordingly, Plaintiff's claims under the EFTA fail for this additional reason as well.

### VI.    CONCLUSION

As Plaintiff's claim under the EFTA is untimely and he fails to state a claim for breach of contract, Navy Federal respectfully requests the Court dismiss Plaintiff's Amended Complaint with prejudice in its entirety because further amendment would be futile.[3]

---

[3] *See In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996); *Aziz v. FedEx Ground Package System, Inc.*, No. 4:18-cv-00245, 2019 WL 636972, *8 (E.D. Tex. Feb. 14, 2019) ("If the amended pleading will be subject to dismissal, the Court may consider the amendment to be futile and deny leave to amend."). Dismissal with prejudice without leave to amend is appropriate here since Plaintiff has had an opportunity to present his best case and has already amended once as a matter of course. Fed. R. Civ. P. 15(a).

Dated: April 22, 2026

Respectfully submitted,

/s/Justin Opitz
**Justin Opitz**
*Attorney-In-Charge*
Texas SBN: 24051140
SDTX Bar No.: 608966
jopitz@mcguirewoods.com
Brittney Angelich
Texas SBN: 24109591
SDTX Bar No.: 3368897
bangelich@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2026 a true and correct copy of the foregoing document was electronically filed with the clerk of the United States District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys registered for service in the Court's ECF system for this case.

The *pro se* Plaintiff was also served via USPS at the address on file with the Court:

**CM/RRR No. 9414 7266 9904 2230 2860 37**
Tremaine Manley
3019 Poe Road
Houston, Texas 77051

/s/   Brittney Angelich
**Brittney Angelich**

10